IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| DEMETRIUS HARRIS, | ) Civil Action No. 2:24-CV-12-JNR-CBB |
| Plaintiff, | ) |
| vs. | ) United States District Judge |
| | ) J. Nicholas Ranjan |
| C.O.I SMITH, C.O.I FLOOD, L.T. SMITH, U.M. DICK, GRIEVANCE COOR. M. ANDREETTI, | ) United States Magistrate Judge |
| | ) Christopher B. Brown |
| Defendants, | ) |

REPORT AND RECOMMENDATION

**Christopher B. Brown, United States Magistrate Judge**

I.   Recommendation

Plaintiff Demetrius Harris ("Harris") initiated this civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendants Smith, Flood, Smith, Dick, and Andreetti violated his rights under the First, Eighth, and Fourteenth Amendments when they denied him a religious meal as a practicing Muslim in December 2023.  ECF No. 31. The Court has subject matter jurisdiction under 28 U.S.C. § 1331.[1]

Pending before the Court is the Corrections' Defendants Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6).  ECF No. 41.  Harris was

---

[1] This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  This matter was originally assigned to Magistrate Judge Cynthia Reed Eddy.  Upon Judge Eddy's retirement, the matter was reassigned on April 23, 2024 to Chief Magistrate Judge Richard A. Lanzillo.  On July 3, 2024, by Administrative Order 2024-07 filed at 2:24-mc-10001, the matter was reassigned to this member of the Court.

ordered to file his Opposition by March 5, 2025 but failed to do so. ECF No. 43. Harris also did not respond to the Court's Order to Show Cause by the May 7, 2025 deadline, ECF No. 44, and has not participated in this case since in nearly six months. ECF No. 36.

For the reasons below, it is respectfully recommended that the Court dismiss this action for failure to prosecute, deny the pending Rule (12)(b) Motion to Dismiss (ECF No. 41) as moot, and dismiss Harris' claims with prejudice.

## II.   Report

Harris was in the custody of the Department of Corrections ("DOC") at SCI-Greene when he initiated this civil action against Defendants on January 4, 2024. ECF No. 1. He is proceeding *pro se* and *in forma pauperis*. ECF No. 7. Harris – a practicing Muslim – alleges Defendants did not provide him with a religious-compliant food tray on December 3, 2023. ECF No. 31. He brings claims for retaliation, conditions of confinement, equal protection, and due process. *Id.*

Harris has now seemingly abandoned his claims. Harris missed multiple deadlines and opportunities to respond to the Defendants' Motion to Dismiss, missed the Court's Deadline to Show Cause, and has failed to update his address with the Court.

On January 23, 2025, the Court set the Briefing Schedule on Defendants' Motion to Dismiss and gave Harris until March 5, 2025 – forty-one days – to respond to the Motion to Dismiss. ECF No. 43. Harris missed the March 5, 2025 deadline without an explanation or request for extension. On April 7, 2025, the

Court then directed Plaintiff to show cause by May 7, 2025 – over eight weeks from his original deadline – for his failure to respond to Defendants' Motion to Dismiss. ECF No. 44.  Harris missed that deadline as well, with no further communication to the Court.

As confirmed with the SCI-Greene Records Department, Harris was released from DOC custody on April 23, 2025 and has since failed to provide the Court with a change of address. [2]  Harris has not taken any action in this case since he filed a Motion to Appoint Counsel on December 31, 2024.  ECF No. 36.

After nearly six months of inaction, Harris' failure to respond to Defendants' Motion to Dismiss and failure to provide the Court and counsel with an adequate address reflects his lack of prosecution of this case.  A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (citing Fed. R. Civ. P. 41(b)). Fed. R. Civ. P. 41(b) states in pertinent part:

> Involuntary Dismissal; Effect.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

---

[2]     Plaintiff was not released until April 23, 2025.  Therefore he would have received the Court's January 23, 2025 Briefing Schedule on the Motion to Dismiss, ECF No. 43, and the Court's April 7, 2025 Order to Show Cause, ECF No. 44, prior to his release.

A district court has the power to dismiss a case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute even if the plaintiff is proceeding pro se. The Sixth Circuit Court of Appeals has stated that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Thus, a pro se litigant's failure to prosecute is not the same as "inartful pleading or [a] lack of legal training." *Id*. at 110.

The Third Circuit Court of Appeals laid out factors that a court must consider when determining whether a case should be dismissed for the plaintiff's failure to prosecute in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863, 868 (3d Cir. 1984). These factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id*.

Based on these factors, it is respectfully recommended that this case be dismissed for Harris' failure to prosecute. The first five factors all weigh heavily in favor of dismissal. Because Harris is proceeding pro se, "the responsibility of moving the case forward lies with him." *Cravener v. McClister*, No. 2:23-CV-00355,

4

2023 WL 7168929, at *3 (W.D. Pa. Oct. 9, 2023), *report and recommendation adopted*, No. CV 23-355, 2023 WL 7166475 (W.D. Pa. Oct. 31, 2023). And yet, Harris has not participated in this case in nearly six months.

He was released from DOC Custody in April 2025 but has not updated his address. Neither the Court nor Defense Counsel can reach him. The Court cannot rule on the pending Rule 12(b) Motion to Dismiss if it cannot reach the Plaintiff, nor can Defense Counsel engage in discovery. The case simply cannot move forward with a non-responsive Plaintiff. Additionally, under factor five, there are no alternative sanctions which would adequately punish Harris for his failure to prosecute his case; imposing a monetary sanction against Harris who is proceeding *in forma pauperis* would not be effective as he appears impecunious.

Only factor 6 is neutral. The Defendants' pending Rule 12(b) Motion to Dismiss has not been fully briefed, so it is unclear at this stage whether Harris' claims would survive dismissal. It is also not apparent whether his claims would survive summary judgment even if they should survive the motion to dismiss stage. But not all the *Poulis* factors "need be met for a district court to find dismissal is warranted." *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

On balance, five factors weigh heavily in favor of dismissal and only one factor is neutral. Given this, it is respectfully recommended that the Court dismiss this action for failure to prosecute, deny the pending Rule (12)(b) Motion to Dismiss as moot (ECF No. 41), and dismiss Harris' claims with prejudice.

III.   Conclusion

Based on the above, it is respectfully recommended that the Court dismiss this action for failure to prosecute, deny the pending Motion to Dismiss (ECF No. 41) as moot, and dismiss Harris' claims with prejudice pursuant to Fed. R. Civ. P. 41(b).

Any party is permitted to file written specific Objections to this Report and Recommendation to the assigned United States District Judge.  In accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and LCvR 72.D.2, Harris, because he is a non-electronically registered party, must file written objections, if any, to this Report and Recommendation by **August 8, 2025**.  Defendants, because they are electronically registered parties, must file objections, if any, by **August 5, 2025**.  Any party opposing the Objections shall have fourteen (14) days from the date of service of the Objections to respond thereto.  *See* Fed. R. Civ. P. 72(b)(2).  The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal."  *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (quoting *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir. 1983)).  *See also EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATED this 22nd day of July, 2025.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge

6

CC:     United States District Judge
         J. Nicholas Ranjan

         DEMETRIUS HARRIS
         JM5958
         SCI GREENE
         169 PROGRESS DRIVE
         WAYNESBURG, PA 15370

         All counsel of record, *via ECF*